UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Shawn Clarke Spottswood, | Case No. 21-CV-2258 (WMW/KMM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| St. Croix County, WI; Interstate Compact Ramsey Co.; and MN Adult Probation, Susan Benson, | |
| Respondents. | |

---

In this habeas corpus proceeding, petitioner Shawn Clarke Spottswood challenges the validity of a criminal conviction incurred in Wisconsin state court. *See* Petition [ECF No. 1]. Mr. Spottswood's petition for a writ of habeas corpus was not filed in the most appropriate venue and, if this were the only problem, it would be recommended that this matter be transferred pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). But Mr. Spottswood also acknowledges that he has not exhausted state remedies for his claims, as required by 28 U.S.C. § 2254(b). Accordingly, this Court will instead recommend that the habeas petition be dismissed without prejudice pursuant to

1

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The specifics of Mr. Spottswood's criminal proceedings are in some respects unclear. Mr. Spottswood states in his habeas petition that he recently pleaded guilty to charges of possession of methamphetamine and felony bail jumping in two separate prosecutions in Wisconsin state court. *See* Petition at 1. Mr. Spottswood also attests that those two prosecutions are related to at least four other criminal proceedings, each of which appears also to have occurred in Wisconsin state court. *See id.* Mr. Spottswood is currently in the process of pursuing either a direct appeal or post-conviction relief in Wisconsin state court. *See* Petition at 2. To date, the Wisconsin courts have not ruled on the merits of Mr. Spottswood's appellate or post-conviction requests for relief. Indeed, Mr. Spottswood is explicit that he has not exhausted state remedies for his claims, and he insists that he does not "want to waste [his] time on state remedies since none of it would be fair." *Id.* at 18. Four grounds for relief are presented in the habeas petition, *see id.* at 16-18, though some of those grounds include multiple discrete claims, *see id.*

A bedrock requirement of the federal habeas corpus statute is that the petitioner must be "in custody" in order to pursue habeas relief. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The existence of custody necessarily implies a custodian, and the proper venue for a habeas proceeding is generally the court that has jurisdiction over the petitioner's custodian; it is that custodian who is then ordered

2

to effectuate relief should the habeas claims be found to be meritorious.  *See Thompson v. Missouri Bd. of Parole*, 929 F.3d 396, 398 (8th Cir. 1991) (citing *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 494-95 (1973)).  In the most common scenario involving a habeas petitioner challenging the validity of a state-court criminal judgment, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  But Mr. Spottswood is not currently being detained: the term of imprisonment imposed for his criminal offenses was stayed, and Mr. Spottswood is "in custody" only because he is subject to a term of probation and therefore remains subject to conditions that, if violated, would send him to prison.  *See* Petition at 1; *Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir. 1994).

This situation — where a person on probation, parole, supervised release, or other custodial arrangement that falls short of incarceration seeks to challenge a state-court criminal judgment through a habeas petition — is not unusual. Indeed, the Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases sets out that in this situation, "[t]he named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." What makes Mr. Spottswood's situation unusual is that the probation officer responsible for supervising Mr. Spottswood is an official of the State of Minnesota,

3

not the State of Wisconsin where Mr. Spottswood's conviction and sentence were imposed.

Facing analogous circumstances involving restraints imposed upon a habeas petitioner in one state but carried out in another, courts have recognized that two federal district courts — one district in the state of custody and another district in the state where the restraints were imposed — may hold concurrent jurisdiction over a habeas petition.[1]  *See, e.g.*, *Braden*, 410 U.S. at 498-99 & n.15; *Wilkins v. Erickson*, 484 F.2d 969, 972-73 (8th Cir. 1973).  Those courts have also recognized, however, that the district within which the conviction and sentence were imposed will usually prove the more appropriate forum for conducting habeas litigation attacking the conviction or sentence.  *See, e.g.*, *Braden*, 410 U.S. at 499 ("[T]he petitioner is confined in Alabama, but his dispute is with the Commonwealth of Kentucky, not the State of Alabama.  Under these circumstances it would serve no useful purpose to . . . require that the action be brought in Alabama."); *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1983) ("In view of the fact that the attorney general of Missouri must defend the orders

---

[1] Section 2241(d) itself recognizes one such circumstance of concurrent jurisdiction: a person in custody pursuant to the judgment of a state court in a state with two or more federal judicial districts may seek relief through a habeas petition "filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ."  Thus, if Spottswood were now detained within the jurisdictional boundaries of the United States District Court for the Eastern District of Wisconsin, he could seek relief in either that district or the Western District of Wisconsin (the federal district within which the state-court proceedings were conducted).

4

under attack and that relevant records are in Missouri, this state is clearly the most convenient forum for the litigation."); *Wilkins*, 484 F.2d at 972-73 (dismissing appeal challenging transfer of habeas proceedings under § 1404(a)); *cf. Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405, 409 (7th Cir. 1985) ("The important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit — namely, his unconditional freedom.").

For the reasons explained in these cases, if Mr. Spottswood's habeas petition were otherwise ripe for disposition, this Court would recommend that this matter be transferred to the United States District Court for the District of Wisconsin. *See* 28 U.S.C. § 1404(a). It is the State of Wisconsin, not the State of Minnesota or its agents, that has the primary interest in opposing Mr. Spottswood's request for relief. It is the State of Wisconsin that is in possession of the relevant state-court records that would be needed to adjudicate Mr. Spottswood's claims on the merits. And it is the courts of the State of Wisconsin whose decisions would come under review. *See* 28 U.S.C. § 2254(b), (d). There is nothing weighing in favor of this Court exercising its concurrent jurisdiction over the habeas petition.

This Court will not recommend transfer of the petition, however, because there is not yet any decision of any state court of final authority on the merits of Mr. Spottswood's claims. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848

(1999). Mr. Spottswood freely acknowledges that he has not yet fully pursued available remedies in the state courts. *See* Petition at 16, 18. His explanation for not having done so is that he believes any attempt at recourse in the state courts of Wisconsin would be futile because "the outcome would not change." *Id.* at 18. But "likely futility on the merits does not excuse a failure to exhaust a claim in state court." *Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005). "Allowing petitioners to bypass state court merely because they believe that their constitutional claims would have failed there on the merits would fly in the face of comity and would deprive state courts of [a] critical opportunity to examine and refine their constitutional jurisprudence." *Id.* at 64. Mr. Spottswood cannot come to federal court seeking habeas relief merely because he is convinced that the Wisconsin courts will not be persuaded of the merits of his arguments.[2]

Accordingly, it is recommended that the petition be denied without prejudice for failure to exhaust state remedies and this action dismissed. Because it is

---

[2] There is another possibility suggested by the habeas petition: Mr. Spottswood believes that recourse to the Wisconsin state courts would be futile not because they will reject his claims on the merits, but because they will reject his claims as untimely as a matter of Wisconsin law. *See* Petition at 2. A finding that Mr. Spottswood cannot proceed under state law would in fact make presentation of the claims for relief futile. But the foreclosure of relief under state law would provide "'an independent and adequate state-law ground for the conviction and sentence, and thus [prevent] federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). No such cause or prejudice is suggested by the petition.

recommended that the habeas petition be denied, it is further recommended that Mr. Spottswood's pending application to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996). And because Mr. Spottswood's failure to exhaust state remedies is not debatable, it is finally recommended that Mr. Spottswood not be issued a certificate of appealability. *See* 28 U.S.C. § 2253(c).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMEDNED THAT:

1. The petition for a writ of habeas corpus of petitioner Shawn Clarke Spottswood [ECF No. 1] be DENIED WITHOUT PREJUDICE.

2. Spottswood's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

3. This action be DISMISSED.

4. No certificate of appealability be issued.

Date: October 14, 2021                                *s/ Katherine Menendez*
                                                      Katherine Menendez
                                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).